FILED

2026 May-28  PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **CARLA JAYNE MCGEE,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | **CASE NO.:** |
| | ) | |
| **V.** | ) | **PLAINTIFF DEMANDS TRIAL** |
| | ) | **BY STRUCK JURY** |
| **CITY OF SYLACAUGA, TIFFANY** | ) | |
| **NIX in her individual and official** | ) | |
| **capacity, NATE BREWER in his** | ) | |
| **individual and official capacity,** | ) | |
| **ASHTON FOWLER in his** | ) | |
| **individual and official capacity AND** | ) | |
| **LEE PERRYMAN in his individual** | ) | |
| **and official capacity,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## <u>COMPLAINT FOR DAMAGES</u>

COMES NOW, Carla Jayne McGee ("Plaintiff" or "McGees"), by and through the undersigned counsel, and files this, her Complaint for damages to be answered by the Defendant the City of Sylacauga. ("Defendant") pursuant to the Federal Rules of Civil Procedure.

## I.      **INTRODUCTION**

McGee was never given the education credits she was supposed to receive pursuant to City Policy because of her age and gender. She complained of discrimination. In response, the City of Sylacauga by and through its council members Nate Brewer, Tiffany Nix, Ashton Fowler, and Lee Perryman, publicly accused her of poor performance despite receiving all above average (4) or excellent (5) on all areas of her annual evaluation. The Defendants claimed there was a need to modify her job duties and unlawfully tried to move her position out from under the Mayor who supported McGee. McGee is seeking redress under Title VII the ADEA, and the Equal Protection Clause by and through Section 1983.

## II.      **JURISDICTION**

1.      This action for injunctive relief and damages is brought under 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, 29 U.S.C. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights caused by the Defendant.

2.      This is a suit authorized and instituted under the Age Discrimination in Employment Act, 29 U.S.C. § 621, 626(d)(1), et seq. (ADEA) and Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII), the Due Process Clause

by and through 42 U.S.C. §1983, and the Equal Protection Act by and through 42 U.S.C. §1983.

### III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.    Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A).

4.    Plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

5.    There are no administrative remedies prior to filing suit under the Due Process Clause and the Equal Protection Act by and through 42 U.S.C. §1983 and these claims are being brough within two years.

### IV.    PARTIES

6.    Plaintiff, MCGEE is a resident of Sylacauga,  Talladega County, and performed work for the Defendant in the counties composing the Northern District of Alabama, Southern Division during the events of this case.  Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the  Division.

7.    At all times relevant to the allegations in this Complaint, Plaintiff was over the age of forty (40).

8.     Defendant CITY OF SYLACAUGUA ("Defendant") is a municipal corporation organized under the laws of the State of Alabama. It operates under the mayor – council form of government.

9.     Defendant City of Sylacauga employed at least one hundred (125) people during the current or preceding calendar year.

10.    Defendant TIFFANY NIX is a council member at all times material to the Complaint. She is being sued in her individual and official capacity,

11.    Defendant NATE BREWER is a council member at all times material to the Complaint. He is being sued in his individual and official capacity,

12.    Defendant ASHTON FOWLER is a council member at all times material to the Complaint. He is being sued in his individual and official capacity

13.    Defendant LEE PERRYMAN is a council member at all times material to the Complaint. He is being sued in his individual and official capacity,

## V.   FACTS

14.    Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

15.    McGee was born in 1957, and therefore over the age of forty at all times relevant to this Complaint.

16.    McGee is female.

17. McGee began her employment with Defendant on June 1, 2015, as a Human Resource Specialist.

18. McGee was qualified for and competently performed the duties of her position as a Human Resource Specialist.

19. When McGee was first hired, Defendant did not give her the education credit that was applied to other new hires.

20. McGee repeatedly requested to have the education credit issue addressed and corrected.

21. Each time McGee requested that the education credit be applied to her pay, the City Council denied her request.

22. On August 18, 2020, Council President Lee Perryman told McGee that her request was denied because "…the degree upon which the request was made was in force years ago in 1987…".

23. Council President Lee Perryman also told McGee her she would not get a step raise because her degree was 43 years old.

24. This issue continued to be a controversy among Council members each year when pay plans were at issue.

25. McGee was placed at an incorrect pay grade for the first year of her employment until October 15, 2016.

26.    Under Dr. James' Buford's guidance, a regression analysis was conducted for 8 to 9 employees who fell short of the pay scale.

27.    McGee was one of the employees who fell short of the pay scale.

28.    On or about October 15, 2016, McGee was moved from AO-8 to AO-9 in efforts to correct the pay grade classification.

29.    But at the time McGee was moved from AO-8 to AO-9, she should have been placed at AO-10, as a department head, which was later indicated by Tate and Associates' recommendations in 2019.

30.    In 2017, McGee's regularly scheduled pay raise was denied.

31.    McGee had to wait an entire year before she received what she was owed, which affected her financial stability and retirement.

32.    This denial of the pay increase resulted in 3% delay each year through January 2024.

33.    McGee and two other females were singled out because of the 2017 correction.

34.    In 2019, the Defendant hired Tate and Associates to review job descriptions and prepare a pay plan.

35.    Tate and Associates reported the HR specialist job description was misclassified and recommended that it be updated and corrected.

36.    The Defendant chose not to accept the recommendation to update and correct the job descriptions and pay plan and ignored glaring pay inequalities for female employees, thereby perpetuating unequal treatment.

37.    In 2022, Dr. Davis Cooper from Auburn University presented the Auburn Pay Plan to the Defendant.

38.    The Defendant chose not to accept or implement the pay plan, again failing to address the pay disparities affecting female employees.

39.    In March of 2023, in a work session, McGee complained that the City had not been consistent in awarding step raises for degrees which was affecting older employees and females.

40.    Council member Lee Perryman stated he was opposed to giving step raises to current employees for degrees obtained "before hire" as was being proposed.

41.    On or about April 18, 2024, the Mayor conducted McGee's performance appraisal.

42.    McGee received 4's and 5's on all areas that were graded.

43.    To receive a 4 or 5 meant McGee was above average or excellent on all categories of job performance evaluated.

44.    In May of 2024, during a work session, there was a discussion about McGee's job description.

45.    The discussion about McGee's job description included false information presented by Councilmember Lee Perryman.

46.    In June of 2024, McGee filed a grievance relating the discussion about her job description and the false information provided.

47.    On or about September 17, 2024, in a Council work session, the final cost to implement the pay plans was presented, and the Council requested a special work session to discuss the cost of the plan.

48.    A revision to the Education Step Raise Policy was also presented in this work session, to be effective in February of 2024, which would preclude McGee from receiving the expected additional education steps for a master's degree that she expected to complete in 2025 that the council was aware of.

49.    In reliance upon the Education Step Raise Policy that was in effect in 2021, McGee had started to pursue a degree that is related to her job and the councilmembers were aware of this.

50.    September of 2024, the Defendants approved the revision to the Education Step Raises policy 10.7.2.3.2

51.    McGee requested to be grandfathered in based on the previous Education Step Raise Policy, which was in effect in 2021.

52.    The Defendant denied McGee's request for grandfathering on numerous occasions.

53.    On or about November 7, 2024, during a work session, Lee Perryman requested the Council to dimmish McGee's significant position to a lower-level position which is the equivalent to a demotion.

54.    During his pitch to demote McGee, Lee Perryman made some unfounded and inaccurate comments about the scope of the job duties and responsibilities of the HR Specialist.

55.    Lee Perryman also suggested that some responsibilities in the HR Specialist position were no longer relevant which was false.

56.    Lee Perryman suggested having the position report to the Administrative Finance (AF) office so the position could be leveraged by other AF employees to get the job done.

57.    On or about November 19, 2024, Councilmember Lee Perryman discussed and requested that a new job description for McGee's position, Human Resource Specialist, be placed on the agenda for December 3, 2024.

58.    Lee Perryman had made false statements about McGee's job duties in Council work sessions in November of 2024.

59.    On or about December 3, 2024, during the work session, Lee Perryman discussed revising McGee's Human Resource Job Description and necessary action.

60. There was no discussion with Mayor Heigl or with McGee about a revised job description drafted by Lee Perryman prior to the December 3, 2024, meeting.

61. On December 17, 2024, Lee Perryman continued with his fabricated story about how the Council wants to ensure the HR Specialist gets the help she needs. He also made statements implying that McGee had engaged in unethical conduct which was false.

62. Lee Perryman again requested that McGee's position be moved from the Executive Branch to the Administrative and Finance Department, where she would report to the City Clerk, whom the Council controls.

63. Council members Brewer, Fowler, Nix, and Perryman were in favor of the change.

64. Laura Heath voiced her concerns about placing the position under the newly appointed City Clerk.

65. Laura Heath indicated the HR Specialist position was unbiased and should not be housed under the City Clerk's office.

66. Laura Heath voted nay to the proposed change.

67. Tiffany Nix voiced her concern that due to a lot of internal issues going on, the HR Specialist position should be moved to the AF department when she cast her vote.

68. At the time Tiffany Nix made the statement above, McGee had no notice or knowledge of any "internal issues" that would result in the HR Specialist position being moved to the AF department.

69. Tiffany Nix had barely spoken to McGee, and she did not know anything about the human resource function.

70. Nate Brewer implied mistakes had been made and if McGee had help they may not have occurred when he cast his vote.

71. At the time Nate Brewer made this statement, there were no performance issues or mistakes McGee made that were identified.

72. The Defendants voted to demote McGee, an employee in good standing who had successfully worked her position for nine years and six months.

73. By casting this vote, the Defendants unlawfully engaged in a personnel decision which directly affected McGee.

74. The Mayor is the only person who can make the personnel decision to move McGee's position under Alabama precedent _Scott v. Coachman_.

75. Mayor Heigl opposed changing the HR Specialist position and whom McGee reported to.

76. The Defendants acted outside of its authority and voted to move McGee's position based on additional false information presented at the meeting by Lee Perryman.

77. McGee's job performance was questioned at the meeting, despite the fact that she had above-average performance evaluations and had worked successfully in her position for nine years and six months.

78. The defamatory statements listed above were captured on official records and widely disseminated via online media and news channels the following day.

79. Defendant's actions in attempting to demote McGee and preclude her from receiving her education credit were motivated by her age (her degree is too old) and her gender (disparity in pay).

80. The Mayor, to whom Plaintiff continues to report, has agreed that the Council overstepped its authority.

81. On or about December 23, 2024, McGee filed a grievance regarding the above -referenced matters.

82. On or about December 27, 2024, Mayor Heigl confirmed standard operating procedures of job description revision for the City was completely abandoned and found it was a direct violation of the separation of duties between Mayor and Council.

83. The Mayor also found many comments made by Councilmembers Perryman, Brewer and Nix regarding the Hunan Resources Specialist position and Ms. McGee's performance of her role were misrepresented.

84. The Mayor also found the discussions and actions diminished the role of human resources for the City of Sylacaugua.

85. On or about January 23, 2025, McGee filed an official age and gender/sex discrimination and retaliation Complaint with the Defendant.

86. Specifically, McGee complained of treatment of female employees, that male employees were consistently paid more than female employees, that she is experiencing ongoing discrimination and harassment

87. McGee's discrimination complaint was reported in the newspaper.

88. On or about March 10, 2025, only after Ms. McGee's complaint of discrimination, the City Administrator found that moving Ms. McGee's Human Resources Specialist position violated the City's own rules.

89. Defendants retaliated against McGee for her complaints of age and gender discrimination, as moving her position under the City Clerk's control would allow the Council to control her since they control the City Clerk.

90. On March 6, 2025, Plaintiff received her master's degree and again requested her education credits, as she should have been given under the prior Education Step Raise Policy.

91. Although the education plan in effect as of 2021 would award McGee 3 steps, the Council capped the new education plan at 4 steps.

92. At the time the new plan was enacted, McGee already had 3 steps.

93.  When she received her new degree McGee should have gotten 3 more steps under the old plan.

94.  Mayor Heigl approved only 1 step (2%) increase as she only had 1 step left pursuant to the council authorized education incentive policy that went into effect in February of 2025.

95.  On or about March 18, 2025, McGee filed an EEOC charge alleging age and gender/sex discrimination and retaliation.

96.  On or about March 27, 2025, the City of Sylacauga received notice of the charge of discrimination and a request for a position statement within 30 days.

97.  On or about March 27, 2025, McGee filed an amended EEOC charge alleging continuing gender/sex and age discrimination and retaliation.

98.  On or about May 22, 2025, Lee Perryman and Nate Brewer moved to rescind pay increases that he claimed were not approved by the council (which was false) and all money to be paid back.

99.  The Council rescinded the previously approved pay raises in retaliation for Plaintiff's discrimination complaints.

100.  During the meeting, the Council implied McGee, another employee, and the mayor engaged in unethical conduct regarding the pay raises, which was false as the raises were authorized by council in September of 2024.

101. The Council demanded the City attorney conduct a forensic audit of payroll records, implying criminal and financial misconduct with legal repercussions.

102. The Council then approved a resolution requiring McGee to repay the 1-step increase in education pay.

103. On or about May 27, 2025, McGee filed a second two-part grievance alleging misconduct, harassment and retaliation against her by Council members.

104. McGee requested the council cease all discrimination, harassment, and retaliation against her.

105. On or about June 2, 2025, Mayor Heigl responded to the grievance agreeing the council's actions were improper as McGee's raise was related to a complete educational degree that falls within the eligibility list and in compliance with the city's education step raise policy approved by the council. He recommended Ms. McGee seek legal counsel regarding her claims of harassment and defamation.

106. When the new administration came in November of 2025, the Council approved all existing pay rates for all employees and did not require McGee to repay.

107. Yet, Councilmember Nate Brewer continues to ask whether McGee paid the money back.

## VI.    CLAIMS

### COUNT I – ADEA –

## DENIAL OF PAY STEP / EDUCATION CREDIT
### (Against City of Sylacauga)

108. Plaintiff incorporates by reference and re-alleges paragraphs 14-107 as if set out herein.

109. Plaintiff has established a convincing mosaic of direct and/or circumstantial evidence that she experienced discrimination based on her age.

110. At all times relevant to the allegations in this Complaint, Plaintiff was over the age of forty (40) as she was born on March 21, 1957.

111. At all times material to the complaint Plaintiff was qualified as she worked the position for 9 ½ years successfully.

112. Plaintiff was not paid the education steps she was due because her degree was "too old".

113. On March 6, 2025, Plaintiff received her master's degree and again requested three additional education credits she was due which were denied by the Council.

114. The mayor awarded Plaintiff only one education credit pursuant to the newly enacted policy.

115. The council sought to remove the education credit and sought repayment of any money received pursuant to the education credit.

116. The denial of Plaintiff's education credits and the placement of Plaintiff at an incorrect pay grade, while these benefits were extended to other employees, was because of Plaintiff's age.

117. Defendant's actions in denying Plaintiff the education credit and proper pay placement, while extending such benefits to substantially younger employees, violated the ADEA.

118. Because of Defendant's violation of the ADEA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

### <u>COUNT II – ADEA – RETALIATION</u><br><u>(Against City of Sylacauga)</u>

119. Plaintiff incorporates by reference and re-alleges paragraphs 14-107 as if set out herein.

120. Plaintiff has established a convincing mosaic of direct and circumstantial evidence that the Defendant retaliated against her because of her protected activities.

121. Plaintiff was qualified for her position and able to perform the essential functions of her job successfully and had done so for 6 ½ years.

122. In March of 2023, in a work session, Plaintiff engaged in protected activity when she complained that the City had not been consistent in awarding step raises for degrees, raising the issue of discriminatory pay practices.

123. On January 23, 2025, Plaintiff engaged in a protected activity when she filed a formal complaint against the city/council alleging gender/sex and age discrimination and retaliation.

124. On March 27, 2025, Plaintiff further engaged in protected activity when she filed EEOC Charge No. 420-2025-02216, alleging age and gender discrimination against Defendant.

125. Following Plaintiff's complaints of discrimination, Defendant denied Plaintiff's request for her full education credit, denied Plaintiff's grandfathering request under the prior Education Step Raise Policy, moved to change her job description, moved to reassign Plaintiff's position from the Executive Branch to the Administrative and Finance Department reporting to the City Clerk, and made false defamatory statements about Plaintiff's job duties. Performance, and ethics in Council work sessions and meetings. They also sought repayment of the one step she did receive pursuant to policy and continue to ask when she will repay it.

126. Each of the acts listed in paragraph 125 were done in retaliation for Plaintiff's prior complaints.

127. Each of the acts listed in paragraph 125 above might well dissuade a reasonable person from filing a charge of discrimination.

128. Defendant violated the ADEA by retaliating against Plaintiff for engaging in protected activity.

129.  Because of Defendant's violation of the ADEA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT III – ADEA RETALIATORY HOSTILE WORK ENVIRONMENT
### (Against City of Sylacauga)

130.  Plaintiff incorporates by reference and re-alleges paragraphs 14-107 as if set out herein.

131.  Plaintiff has established a convincing mosaic of direct and circumstantial evidence that the Defendant created a retaliatory hostile work environment against her because of her protected activities.

132.  Plaintiff was qualified for her position and able to perform the essential functions of her job successfully and had done so for 6 ½ years.

133.  In March of 2023, in a work session, Plaintiff engaged in protected activity when she complained that the City had not been consistent in awarding step raises for degrees, raising the issue of discriminatory pay practices.

134.  On January 23, 2025, Plaintiff engaged in a protected activity when she filed a formal complaint against the city/council alleging gender/sex and age discrimination and retaliation.

135.  On March 18, 2025, Plaintiff further engaged in protected activity when she filed EEOC Charge No. 420-2025-02216, alleging age and gender discrimination against Defendant.

136. On March 27, 2025, Plaintiff further engaged in protected activity when she filed EEOC Charge No. 420-2025-02216, alleging age and gender discrimination against Defendant.

137. Following Plaintiff's complaints of discrimination, Defendant:

a. denied Plaintiff's request for her full education credit;

b. denied Plaintiff's grandfathering request under the prior Education Step Raise Policy;

c. moved to change her job description diminishing her role;

d. moved to reassign Plaintiff's position from the Executive Branch to the Administrative and Finance Department reporting to the City Clerk;

e. made false defamatory statements about Plaintiff's job duties, performance, and ethics in Council work sessions and meetings;

f. Sought to rescind her one step raise received pursuant to policy approved by council;

g. Sought repayment of the one step she did receive pursuant to policy; and

h. continued to ask when she will repay it even though the new council voted to accept all employee's pay.

138. Each of the acts listed in paragraph 117 were done in retaliation for Plaintiff's prior complaints.

139.  Defendant violated the ADEA by retaliating against Plaintiff for engaging in protected activity.

140.  Because of Defendant's violation of the ADEA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT IV- TITLE VII – SEX/GENDER DISCRIMINATION – DENIAL OF PAY STEP / EDUCATION CREDIT
### (Against City of Sylacauga)

141. Plaintiff incorporates by reference and re-alleges paragraphs 14-104 as if set out herein.

142.  Plaintiff has established a convincing mosaic of direct and/or circumstantial evidence that she experienced discrimination based on her sex/gender.

143.  Plaintiff is female.

144.  At all times material to the complaint Plaintiff was qualified as she worked the position for 9 ½ years successfully.

145.  Plaintiff not paid the education steps she was due because of her sex/gender.

146.  Plaintiff's gender was a motivating factor in the decision not to pay McGee equally and/or award her the education steps she was due.

147. Defendant had been made aware females were receiving disparate pay on multiple occasions and did not fix the disparity.

148. On March 6, 2025, Plaintiff received her Master's degree and again requested three additional education credits she was due which were denied by the Council.

149. The Mayor awarded Plaintiff only one education credit pursuant to the newly enacted policy.

150. The council sought to remove the education credit and sought repayment of any money received pursuant to the education credit.

151. The denial of Plaintiff's education credits and the placement of Plaintiff at an incorrect pay grade, while these benefits were extended to other employees, was because of Plaintiff's gender/sex.

152. Defendant's actions in denying Plaintiff the education credit and proper pay placement, while extending such benefits to substantially younger employees, violated the Title VII.

153. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## <u>COUNT V – TITLE VII – RETALIATION</u>
### <u>(Against the City of Sylacauga)</u>

154. Plaintiff incorporates by reference and re-alleges paragraphs 14-107 as if set out herein.

155. Plaintiff has established a convincing mosaic of direct and circumstantial evidence that the Defendant retaliated against her because of her protected activities.

156. Plaintiff was qualified for her position and able to perform the essential functions of her job successfully and had done so for 6 ½ years.

157. In March of 2023, in a work session, Plaintiff engaged in protected activity when she complained that the City had not been consistent in awarding step raises for degrees, raising the issue of discriminatory pay practices.

158. On January 23, 2025, Plaintiff engaged in a protected activity when she filed a formal complaint against the city/council alleging gender/sex and age discrimination and retaliation.

159. On March 18, 2025, Plaintiff further engaged in protected activity when she filed EEOC Charge No. 420-2025-02216, alleging age and gender/sex discrimination against Defendant.

160. On March 27, 2025, Plaintiff further engaged in protected activity when she filed EEOC Charge No. 420-2025-02216, alleging age and gender/sex discrimination against Defendant.

161. Following Plaintiff's complaints of discrimination, Defendant:

   a. denied Plaintiff's request for her full education credit;

   b. denied Plaintiff's grandfathering request under the prior Education Step Raise Policy;

   c. moved to change her job description diminishing her role;

d.  moved to reassign Plaintiff's position from the Executive Branch to the Administrative and Finance Department reporting to the City Clerk;

e.  made false defamatory statements about Plaintiff's job duties, performance, and ethics in Council work sessions and meetings;

f.  Sought to rescind her one step raise received pursuant to policy approved by council;

g.  Sought repayment of the one step she did receive pursuant to policy; and

h.  continued to ask when she will repay it even though the new council voted to accept all employee's pay.

162.  Each of the acts listed in paragraph 161 were done in retaliation for Plaintiff's prior complaints.

163.  Defendant violated the Title VII by retaliating against Plaintiff for engaging in protected activity.

164.  Because of Defendant's violation of the Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## VI-TITLE VII- RETALIATORY HOSTILE WORK ENVIRONMENT
### (Against the City of Sylacauga)

165.  Plaintiff incorporates by reference and re-alleges paragraphs 14-107 as if set out herein.

166.    Plaintiff has established a convincing mosaic of direct and circumstantial evidence that the Defendant created a retaliatory hostile work environment her because of her protected activities.

167.    Plaintiff was qualified for her position and able to perform the essential functions of her job successfully and had done so for 6 ½ years.

168.    In March of 2023, in a work session, Plaintiff engaged in protected activity when she complained that the City had not been consistent in awarding step raises for degrees, raising the issue of discriminatory pay practices.

169.    On January 23, 2025, Plaintiff engaged in a protected activity when she filed a formal complaint against the city/council alleging gender/sex and age discrimination and retaliation.

170.    On March 18, 2025, Plaintiff further engaged in protected activity when she filed EEOC Charge No. 420-2025-02216, alleging age and gender/sex discrimination against Defendant.

171.    On March 27, 2025, Plaintiff further engaged in protected activity when she filed EEOC Charge No. 420-2025-02216, alleging age and gender/sex discrimination against Defendant.

172.    Following Plaintiff's complaints of discrimination, Defendant:

   a. denied Plaintiff's request for her full education credit;

b. denied Plaintiff's grandfathering request under the prior Education Step Raise Policy;

c. moved to change her job description diminishing her role;

i. moved to reassign Plaintiff's position from the Executive Branch to the Administrative and Finance Department reporting to the City Clerk;

j. made false defamatory statements about Plaintiff's job duties, performance, and ethics in Council work sessions and meetings;

k. Sought to rescind her one step raise received pursuant to policy approved by council;

l. Sought repayment of the one step she did receive pursuant to policy; and

m. continued to ask when she will repay it even though the new council voted to accept all employee's pay.

173. Each of the acts listed in paragraph 172 were done in retaliation for Plaintiff's prior complaints.

174. Defendant violated Title VII by retaliating against Plaintiff for engaging in protected activity.

175. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## VII-EQUAL PROTECTION/ 1983
### (against Tiffany Nix, Nate Brewer, Ashton Fowler, and Lee Perryman in their individual capacities)

141. Plaintiff incorporates by reference and re-alleges paragraphs 14-104 as if set out herein.

142. Plaintiff has established a convincing mosaic of direct and/or circumstantial evidence that she experienced discrimination based on her sex/gender and/or based on her age.

143. Plaintiff is female and over the age of 40.

144. At all times material to the complaint Plaintiff was qualified as she worked the position for 9 ½ years successfully.

145. Plaintiff not paid the education steps she was due because of her sex/gender and/or her age.

147. Defendant had been made aware females and younger individuals who received their degrees closer in time were receiving disparate pay on multiple occasions and did not fix the disparity.

148. On March 6, 2025, Plaintiff received her Master's degree and again requested three additional education credits she was due which were denied by the Council.

149. The Mayor awarded Plaintiff only one education credit pursuant to the newly enacted policy.

150. The council sought to remove the education credit and sought repayment of any money received pursuant to the education credit.

151. The denial of Plaintiff's education credits and the placement of Plaintiff at an incorrect pay grade, while these benefits were extended to other younger male employees, was because of Plaintiff's gender/sex and/or her age.

152. Defendant's actions in denying Plaintiff the education credit and proper pay placement, while extending such benefits to substantially younger employees, violated the Equal Protection Clause by and through 42 U.S.C. §1983.

153. Because of Defendant's violation of Equal Protection Clause by and through 42 U.S.C. §1983, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNTVIII-DEFAMMATION- False Light
### (against Tiffany Nix, Nate Brewer, Ashton Fowler, and Lee Perryman in their individual capacities)

154. Plaintiff incorporates by reference and re-alleges paragraphs 14-104 as if set out herein.

155. The Councilmembers Nix, Brewer, Fowler, and Perryman, made statements during work sessions and council meetings in front of the public painting McGee in a false light, portraying her as unethical, making mistakes, needing help, and having performance problems.

156. Lee Perryman made false statements to the Council and to the public about the job duties of the Human Resources Specialist position McGee held, causing the Board to vote to change her job description substantially diminishing her role.

157. These false and defamatory statements about Ms. McGee during council meetings became part of the official record and were later disseminated on social media causing damage to McGee's reputation.

158. These false and defamatory statements made about Ms. McGee during council meetings caused Ms. McGee's role to be diminished, caused her position to be moved out from under the mayor, and caused her step pay increase to be "rescinded" and required to be paid back (even though later resolutions accepted her pay as awarded), and subjected McGee to severe scrutiny in the newspaper and on-line again causing her damaging her reputational damage.

159. Because of the false and defamatory statements, Ms. McGee has suffered financial and professional damage. She has also suffered emotional distress.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of the Age Discrimination in Employment Act, Title VII, and the Equal Protection Clause.

B.     Award back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages, liquidated damages, and/or nominal damages;

C.     Attorneys' fees and costs;

D.     Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

E.     Any different or additional relief as determined by the Court to which Plaintiff is entitled.

**JURY TRIAL DEMANDED**

*/s/ Patricia A. Gill*

Patricia A. Gill

**OF COUNSEL:**

The Workers' Firm
2 20th Street North, Suite 900
Birmingham, Alabama 35203
T: 205.329-6392
F: trish@theworkersfirm.com

**PLEASE SERVE DEFENDANT AS FOLLOWS**

City of Sylacauga
Care of Town Clerk
301 North Broadway Avenue
Sylacauga, AL 35150

Lee Perryman

205 Primrose Path
Sylacauga, AL 35150

Tiffany Nix
101 Briarwood Dr
Talladega, AL 35160-3342

Nate Brewer
1130  N Helen Ave
Sylacaugua, AL 35150-2174

Ashton Fowler
701 Lang Road
Sylacaugua, AL 35150-4557